Ludeling, C. J.
M. A. Sweet was returned as elected by the returning board, and he was commissioned by Acting Governor Pinchback on the twenty-first December, 1872, as recorder of Carroll parish. He took the oath of office, gave bond, and entered upon the discharge of the duties of his office immediately thereafter, and he continued to act as such till April, 1875, when the defendant got possession of the office, building and archives by force, and he holds the same in defiance of the plaintiff’s rights, under a commission issued by Governor Kellogg in March, 1875.
The term of the office of recorder is four years. M. A. Sweet was returned as elected by the board created by law to ascertain that fact, and the commission issued by the Acting Governor is conclusive of that fact in all cases, except where the election has been contested within the time fixed by law.
This is the well settled jurisprudence of this State. Therefore the appointment by the Governor of Jackson was made in error, and it is null and void.
Whether the oath of office of Sweet was taken and recorded in the office of the Secretary of State or not, did not authorize the Governor to treat the office as vacant. Downs v. Towne, 21 An. 490. It might perhaps authorize the district attorney to institute suit to have his office declared vacant, and treating this as such a suit, we have examined the evidence on that point. It shows that M. A. Sweet took the oath of office on or about the twenty-sixth of December, 1872, and that it was deposited in the clerk’s office, where it was recorded, about three months thereafter. It also appears that a duplicate of said oath was forwarded to the Secretary of State, but it seems not to have been recorded in that office. We think the law has been substantially complied with.
*542 It; is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the relator and against the defendant, decreeing M. A. Sweet to be recorder of the parish of Carroll, and to be put in possession thereof immediately. It is further decreed that M. A. Sweet’s rights to recover the fees and perquisites of said office, collected by defendant, and the damages resulting from the wrongful acts of the defendant in taking possession of said office, be reserved to him, and that defendant pay costs of both courts. • -